PER CURIAM.
We affirm the trial court’s denial of appellant’s Florida Rule of Criminal Procedure 3.850 motion. Appellant argues in this appeal that the trial court erred in summarily denying claim 4 of his motion. We find that this claim is without merit and affirm.
Appellant, who had numerous prior felony convictions for exploitation of the elderly, grand theft, and fraud, had lost his license as an insurance agent and was prohibited from selling insurance in this state. Despite this, he obtained a new Florida driver’s license using a false identity and then, through this false identity, obtained a fraudulent insurance license. Appellant then duped elderly citizens into purchasing life insurance policies which they did not need and did not want. Appellant tricked the victims into signing papers which they believed were for health insurance but which were really for life insurance policies.
Appellant entered into a negotiated plea agreement in which the state agreed to drop several exploitation of the elderly counts. Appellant pleaded no contest to obtaining a driver’s license by fraud, organized fraud, and three counts of grand theft. In claim 4 of his motion, appellant argued that trial counsel was ineffective in failing to move to dismiss the grand theft counts because the victims had received insurance policies in exchange for then-premiums or had canceled their policies and had their premiums refunded. Appellant argued that insurance premiums cannot be the subject of a taking for grand theft purposes and that no taking occurred.
The trial court summarily denied this claim agreeing with the state’s response that this claim was insufficient because appellant had not alleged that, but for counsel’s deficiency, he would have not entered a plea and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).
On appeal, appellant contends that an allegation that he would have insisted on going to trial was unnecessary because, if counsel had filed a motion to dismiss, the counts would have been dismissed and a trial on these counts would have been unnecessary. While this argument disregards the fact that appellant was facing other charges at the time he entered pleas to these counts, we find that the claim wholly lacks merit and affirm for this reason.
Appellant’s argument that insurance premiums cannot be the subject of a theft is frivolous. Appellant’s reliance on Briklod v. State, 365 So.2d 1023 (Fla.1978), is' misplaced. In BHklod, there was no evidence that the insurance agent had intended on participating in the insureds’ scheme to defraud the insurance company by filing false insurance claims. The insurance agent had not received any proceeds from the settlements on the false claims filed by the insured. The agent had been an unknowing cog in the machinations of the insurance defrauders. The grand larceny charges in Bnklod could not stand because the defendant insurance agent had not wrongfully taken property from anyone.
*968 Likewise, appellant’s reliance on Amos v. State, 711 So.2d 1197 (Fla. 2d DCA 1998), which cites Brildod, is also misplaced. The defendant in Amos was an insurance agent who misstated information on his clients’ insurance applications which resulted in insurance carriers receiving less premiums for worker’s compensation insurance than they should have received. Id. at 1197. The Second District explained that there was no evidence that the defendant diverted or converted any actual cash or currency. Id. at 1199. The charge was that the defendant endeavored to commit theft of premium for himself or on behalf of another. Id. Because the defendant was not an insured and was not liable for the payment of any premium, the premium was for the benefit of the insured. Id.
The Second District took great pains to explain the procedure whereby worker’s compensation premiums are first estimated and later subject to recalculation. The court then concluded that “[ajssuming that ‘premium’ can be property subject to theft, estimated ‘premium’ [for workers compensation insurance] is not. Estimates which are subject to later recalculations have no value.” Id. at 1201. The court concluded that the defendant had not committed theft in misstating facts on applications which resulted in the insurance company receiving less estimated premiums than they were actually entitled to.
Contrary to appellant’s assertions in this case, neither of the above cases support his contention that an insurance premium cannot be the subject of a theft. The fact that the victims in this case received life insurance policies they did not want, or that they were able to cancel the policies and obtain a refund, is irrelevant to the grand theft charges. Appellant intentionally deprived the victims of the money which they paid for these policies with the purpose of garnering commissions for himself. See § 812.014, Fla. Stat. (defining the crime of theft). The fact the victims may have been reimbursed after canceling the policies does not absolve appellant of his misdeed. This claim was wholly without merit, and we affirm the denial of the motion.
GUNTHER, STONE and FARMER, JJ., concur.